# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Andrew Monroe, | ) | No. 6:14-cv-03565-RMG |
| Petitioner, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Warden Leroy Cartledge, | ) ) | |
| Respondent. | ) ) ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 31), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 21) be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R as modified, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

A string of armed robberies along the Charleston-Dorchester county line resulted in a number of charges against Petitioner in both Charleston County and Dorchester County. On November 18, 2010, Petitioner pled guilty to three counts of kidnapping, two counts of armed robbery, one count of attempted armed robbery, and one count of first degree criminal sexual conduct in Charleston County. He received concurrent sentences on these charges, with an aggregate sentence of 25 years. The Charleston convictions are not at issue in this habeas proceeding.

On November 14, 2011, Petitioner pled guilty in Dorchester County to assault and battery of a high and aggravated nature, 3 counts of kidnaping, and 2 counts of armed robbery. (Dkt. No.

20-5 at 9-11). The assault and battery charge and the first kidnaping charge resulted from an armed robbery of a Chuck E. Cheese employee. (*See id.* at 13-14). Petitioner's plea on the other two kidnaping counts and other armed robbery count were *Alford* pleas. (*Id.*). These charges were related to armed robberies as Franky's Fun Park and Applebee's. (*See id.* at 14-15). Despite entering *Alford* pleas, Petitioner admitted to the factual basis for all charges at the plea hearing. (*Id.* at 15).

Petitioner was sentenced to a negotiated sentence of 10 years for the assault and battery of a high and aggravated nature charge, 20 years on each kidnaping charge, and 20 years for each armed robbery charge, with all sentences to run concurrent to each other and to run concurrent to the 25-year sentence for the Charleston County charges. (Dkt. No. 20-5 at 16-17). Thus, the pleas and sentences did not result in Petitioner spending any additional time in prison. As part of the plea agreement, the state dismissed ten other charges against Petitioner in Dorchester county. (*Id.* at 80-81). The Dorchester and Charleston County pleas were also treated as one occurrence for purposes of South Carolina's two strikes law. (*Id.* at 8).

Petitioner did not file a direct appeal. On October 10, 2012, Petitioner filed an application for post conviction relief (PCR). (Dkt. No. 20-5 at 19-24). After an evidentiary hearing, the PCR court dismissed the application with prejudice. (*Id.* at 85-90). No Rule 59(e) motion was filed. Petitioner filed a timely appeal raising two issues: whether plea counsel was ineffective for failing to pursue an alibi defense and whether PCR counsel was ineffective. (Dkt. Nos. 20-1, 20-2). On July 24, 2014, the South Carolina Supreme Court denied the petition for writ of certiorari, and remittitur was issued on August 11, 2014. (Dkt. Nos. 20-3, 20-4). The instant habeas petition followed on September 9, 2014. (Dkt. No. 1).

Petitioner raises three grounds for relief in his habeas petition:

**Ground One**: "Counsel was ineffective for advising the petitioner to plead guilty when counsel never investigated the case . . . which rendered the Petitioner's guilty pleas invalid because they were not knowingly, voluntarily or intelligently made . . ." (Dkt. No. 1-1). Specifically, Petitioner claims that he pleaded guilty because a statement that he gave to police in Dorchester County incriminated him. (*Id.* at 3). Petitioner alleges that he gave this statement to police on the advice of his counsel in the Charleston County case, and that plea counsel in the Dorchester case should have had the statement suppressed. (*Id.* at 1-3). Petitioner alleges that if he had known that the statement could have been suppressed, he would not have pled guilty. (*Id.*)

**Ground Two**: "Plea counsel was ineffective for failing to pursue an alibi defense, which denied the applicant due process of law." (Dkt. No. 1-1 at 4).

**Ground Three**: "Post-Conviction Relief Counsel was ineffective for failing to investigate the issues raised by the Petitioner in his application and failed to properly prepare for the hearing, which denied the petitioner due process of law." (Dkt. No. 1-1 at 5).

The Magistrate Judge recommended granting Respondent's motion for summary judgment, finding that Ground One was procedurally barred, Ground Two failed on the merits, and Ground Three was not a ground for relief cognizable in a federal habeas proceeding. (Dkt. No. 31). Petitioner filed timely objections, objecting to the Magistrate Judge's findings with regard to Grounds One and Three, but making no specific objection to the Magistrate Judge's finding with respect to Ground Two. (Dkt. No. 37).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

#### A. Ground One: Ineffective Assistance of Counsel

The Court agrees with the Magistrate Judge that this ground is procedurally barred but modifies the basis of this finding.

1. Procedural Bar

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986);

*Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Petitioner did not raise Ground One in the appeal of his PCR proceeding. (*See* Dkt. Nos. 20-3 and 20-4). Thus, Petitioner has failed to "fairly present his claims to the state's highest court" and bypassed his state court remedies. *Matthews v. Evatt*, 105 F.3d at 911. Therefore, he is barred from raising it here unless can show (1) cause for not complying with the state court's procedural rule and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

### 2. Cause and Prejudice

It appears that Petitioner is attempting to establish cause under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). However, the Magistrate Judge is correct that the *Martinez* exception does not extend to PCR appellate counsel. *See e.g., Crowe v. Cartledge*, No. 9:13–cv–2391, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, No. 1:11–cv–02874, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). The Supreme Court expressly noted that its holding in *Martinez* "does not concern attorney errors in other kinds of proceedings, ***including appeals from initial-review collateral proceedings***, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320 (emphasis added).

To the extent that Petitioner argues that his original PCR counsel was ineffective, the Court agrees that the claim fails. To show cause under *Martinez*, a prisoner must demonstrate (1)

-6-

that his PCR counsel was ineffective under *Strickland* and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318. The Magistrate Judge found that the underlying ineffective assistance of counsel claim was not a substantial one. (Dkt. No. 31 at 22-24). The Court declines to reach the issue of whether the underlying ineffective assistance of counsel claim is substantial and instead grants summary judgment on the ground that Petitioner has failed to show that his PCR counsel was ineffective under *Strickland*.[1]

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner has not presented evidence on either prong. Here, this ground for relief was raised in the PCR application. (Dkt. No. 20-5 at 26-27). PCR counsel questioned plea counsel at length about the suppression issue. (*Id.* at 77-81). Petitioner has not pointed to what other actions PCR counsel should have taken with regard to this ineffective assistance claim and has presented no evidence that PCR counsel's performance was below an objective standard of reasonableness in presenting this claim to the PCR court. Furthermore, hearing about the

---

[1] Therefore, the R & R is modified accordingly.

suppression issue, the PCR court found Petitioner's ineffective assistance of plea counsel claim lacked merit. (Dkt. No. 20-5 at 87-98). Petitioner has not presented any evidence that had PCR counsel presented the claim in a different manner, the PCR court would have ruled differently. In other words, he has not shown any prejudice. The PCR court clearly had the issue before it and found Petitioner's claims lacked merit. Notably, plea counsel's testimony, which the PCR court found "very credible," was that the first statement Petitioner made to police in Charleston County implicated Petitioner as well and that this statement could have been used in the Dorchester County cases. (*Id.* at 79-80). Petitioner has not disputed that this first statement, which was made to police in Charleston, was admissible and also incriminating. Therefore, even assuming PCR counsel could have convinced the PCR court that plea counsel should have filed a suppression motion as to the second statement made in Dorchester County, the PCR court would have likely found that there was no prejudice, given the undisputed admissibility of the first statement. Therefore, the Court finds that Petitioner has failed to show cause under *Martinez* and grants summary judgment as to this claim.

Under this Ground, Petitioner also claims that when he pleaded guilty to the Charleston charges in 2010, he was told that the Dorchester charges would be dropped, and thus, raises an ineffective assistance of counsel claim for plea counsel's failure to raise this issue. The Magistrate Judge found this claim procedurally barred as well, and the Court agrees. Petitioner does not dispute that this claim was not raised in the state proceedings but argues that he has shown cause under *Martinez*. (Dkt. No. 37 at 6-7). The Court agrees with the Magistrate Judge that the underlying claim is not a substantial one. Petitioner has provided no factual basis

whatsoever for his newly raised claim that the state agreed to drop the Dorchester charges as part of the Charleston County plea deal. Therefore, summary judgment is appropriate.

**B. Ground Two**

In Ground Two, Petitioner alleges that plea counsel was ineffective for failing to pursue an alibi defense. The Magistrate Judge found that this ground failed on the merits, (Dkt. No. 31 at 25-27), and Petitioner did not object to this finding. (*See* Dkt. No. 37). The Court agrees that the PCR court's determination on this issue was not contrary to or an unreasonable application of clearly established federal law. Nor was the PCR court's determination based on an unreasonable factual determination. Petitioner produced no evidence at the PCR hearing as to what plea counsel would have found had she talked to his mother regarding an alibi. Therefore, summary judgment is appropriate.

**C. Ground Three**

The Magistrate Judge is correct that ineffective assistance of PCR counsel is not a free-standing claim cognizable on federal habeas review. 28 U.S.C. § 2254(I). *Martinez* "does not make a free-standing claim cognizable." *Boseman v. Warden of Lee Corr. Inst.*, No. 2:11–3265, 2012 WL 5380636 (D.S.C. Sept. 24, 2012), *adopted by* 2012 WL 5380701 (D.S.C. Oct. 31, 2012); *see also Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (holding a *Martinez* claim is not a constitutional claim for habeas relief). Therefore, summary judgment is appropriate on this ground.

//

//

//

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R, (Dkt. No. 31), as modified, **GRANTS** Respondent's Motion for Summary Judgment, (Dkt. No. 21), and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

August 26, 2015
Charleston, South Carolina